CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 27 2012
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SYLVIA CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:12-cv-00002 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| DELHAIZE AMERICA, INC, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

In this premises liability action, Sylvia Cunningham ("Cunningham" or "plaintiff") seeks to recover for personal injuries sustained when she fell inside a grocery store owned by the defendant, Delhaize America, Inc. ("Delhaize" or "defendant"). After a complaint was filed in state court, Delhaize removed the case to federal court based on diversity of citizenship. The defendant then filed a motion for summary judgment, arguing that the plaintiff was guilty of contributory negligence as a matter of law. For the reasons that follow, the court will deny the defendant's motion.

I. **Factual Background**

A review of the record, including the plaintiff's responses to the defendant's interrogatories and the plaintiff's deposition, reveals the following relevant facts. On January 28, 2010, Cunningham tripped and fell at the Forrest Lakes Shopping Center in Charlottesville, Virginia (the "store"). Cunningham arrived alone at the store between 3:30 p.m. and 4:30 p.m. that day to do her grocery shopping for the week. (Docket No. 15-1 at 12.) After she finished shopping, but before she paid for her items, she stepped out of line after noticing there were doughnut holes displayed at a kiosk near the front of the store. (Id. at 14.) Cunningham walked over to the display intending to purchase two boxes of doughnuts. She described the display as a

"kiosk," consisting of a "cardboard, octagonal, raised box" that was sitting on a pallet. (Id.) The plaintiff described the box as "grayish-white" and approximately three and a half to four feet high. (Id. at 14, 16.) The box was resting on a pallet the plaintiff described as a "dark color, black I think." (Docket No. 15-2 at 12.) She testified that she did not notice the pallet at all until after she fell. (Docket No. 15-1 at 16.)

Cunningham stated in her response to the defendant's interrogatories that after she picked up the boxes of doughnuts, she turned to get back in line to pay when her foot caught under the edge of the pallet, causing her to fall. (Docket No. 15-2 at 12.) She stated "[t]he pallet was bigger than the kiosk and stuck out beyond the kiosk and my foot caught onto the corner which caused me to fall." (Id.) Similarly, in her deposition testimony, Cunningham stated that "my foot caught under the pallet and it tripped me. I became overbalanced and I fell on my right hip." (Docket No. 15-1 at 23.) She testified that there was nothing obstructing her view of the pallet, but she did not see it because she had not looked down. (Id. at 17.) She first stated that she thought she would have seen the pallet had she looked down at the bottom of the cardboard bin, then later confirmed that she was sure she would have been able to see it had she been looking. (Id. at 16, 22.) Cunningham testified that there was at least a foot of pallet visible all the way around the perimeter of the cardboard bin. (Id. at 22.) Additionally, Cunningham testified that she was not distracted or startled by anything at the moment she fell, and that the area of the store where the kiosk was located had "a lot of light and glare." (Id. at 23-24.)

The plaintiff testified that after she fell she saw light coming from between and under the pallet pieces, indicating the pallet was elevated off the ground at least somewhat. (Id. at 20-21.) She testified that she had seen similar displays at the store in the past, but that she was certain those displays were not resting on pallets. (Id. at 16-17.)

2

The plaintiff alleges that, because of her fall, she sustained serious injuries and has incurred ongoing medical expenses as a result of those injuries.

## II. Discussion

### 1. Legal Standard

At the summary judgment stage, the court must view the facts in the light most favorable to the nonmoving party. Pueschel v. Peters, 577 F.3d 558, 563 (4th Cir. 2009). The nonmoving party is entitled to have the "credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all internal conflicts in it resolved favorably to him." Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact . . . ." Fed. R. Civ. Pro. 56. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### 2. Analysis

When a federal court's jurisdiction rests on diversity of citizenship, the court must apply the substantive law of the forum state, including the forum state's choice of law rules. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Ferens v. John Deere Co., 494 U.S. 516, 519, 531 (1990). Virginia follows the lex loci choice of law doctrine, which applies the substantive law of the place of the wrong. Frye v. Commonwealth, 231 Va. 370, 375 (1986). The injury here happened in Virginia, and so any potential liability is governed by Virginia law.

The law governing premises liability in slip and fall cases is well-settled in Virginia. Winn-Dixie Stores, Inc. v. Parker, 240 Va. 180, 182 (1990). Business patrons are invitees of the store owner. Id. A storeowner is not an insurer of an invitee's safety, Great Atlantic & Pacific

3

Tea Co, Inc. v. Rosenberger, 203 Va. 378, 381 (1962), however, it owes invitees a duty to take ordinary care in keeping its premises safe. Colonial Stores Inc. v. Pulley, 203 Va. 535, 537 (1962) (citations omitted). Business invitees in turn have a duty to be aware of open and obvious dangers. O'Brien v. Everfast, Inc., 254 Va. 326, 331 (1997).

Virginia adheres to the doctrine of contributory negligence. See e.g., Yeary v. Holbrook, 171 Va. 266, 285 (1938). "The essential concept of contributory negligence is carelessness." Fultz v. Delhaize America, Inc., 278 Va. 84, 89 (2009). When a plaintiff fails to act as a reasonable person should in a given situation, she may absolve the other party of liability. Estate of Moses ex rel. Moses v. Southwestern Va. Transit Management Co., Inc., 273 Va. 672, 677 (2007) (citations omitted). Although contributory negligence can sometimes be determined as a matter of law, it is ordinarily a question for the jury. Jenkins v. Pyles, 269 Va. 283, 289 (2005); Antrip v. E.E. Berry Equip. Co., 240 Va. 354, 357 (1990). Similarly, whether a condition presents an open and obvious hazard is generally a question of fact. Everfast, Inc., 254 Va. at 331 (citing Shiflett v. M. Timberlake, Inc., 205 Va. 406, 411 (1964)). The Supreme Court of Virginia has specifically declined to hold that a failure to look down while stepping forward will constitute contributory negligence in every case. Fultz, 278 Va. at 90 (citing Little Creek Inv. Corp v. Hubbard, 249 Va. 258, 261 (1995) ("[T]he circumstances of each case must be considered to determine whether a pedestrian who failed to look nevertheless produced sufficient evidence to support a finding that the pedestrian exercised reasonable care for his or her safety under the circumstances. If such evidence is produced, a jury question is presented.")).

In support of its motion for summary judgment, the defendant cites a number of cases where plaintiffs were found contributorily negligent as a matter of law for failing to avoid open and obvious hazards.

4

In Scott v City of Lynchburg, the plaintiff was injured when she fell from a curb at a city market. 241 Va. 264 (1991). The Court found that the plaintiff had no excuse for failing to see the curb, but simply "forgot it was there." Id. The decision rested on the fact that the plaintiff was familiar with the curb and had safely navigated it many times in the past. Id. at 67-68 ("[W]hen a plaintiff knows of the existence of a condition but, without any reasonable excuse, forgets about the condition and falls in, off, or over it, he is guilty of contributory negligence as a matter of law.").

In Tazewell Supply Co. v. Turner, 213 Va. 93 (1972), the plaintiff was injured when she tripped over a cardboard box that had been negligently placed in a store aisle. Id. at 93. There was no dispute that she would have seen the box had she looked down at the ground, and that she could have avoided any danger by simply walking around the box. Id. The Court found that because the box was in plain view, the plaintiff could not "'in the exercise of ordinary care, close her eyes, which was the equivalent of what she said she did, and walk down this aisle without regard to open and obvious articles in it which would have been apparent to her had she looked even casually on entering the aisle or at any time before she fell.'" Id. (quoting Gottlieb v. Andrus, 200 Va. 114, 118 (1958)).

For the same proposition, the defendant cites England v. Food Lion, LLC, No. 6:05cv0002, 2006 WL 893839 (W.D. Va. Mar. 31, 2006). In that case, the plaintiff tripped over the protruding legs of a shoulder-height display basket in a grocery store. Id. at *1-2. The plaintiff testified that she was familiar with this type of basket and knew that it rested on support legs. Id. at 2. She also testified that the legs were clearly visible, and that had she been looking she would have seen them and managed to avoid tripping. Id. In denying the plaintiff's claim, the court found that the basket's legs presented an obvious hazard that the plaintiff could have

5

avoided by stepping over or around. England, 2006 WL at *2.

Each of these cases cited by the defendant, however, has significant distinguishing characteristics from the one at hand. In Scott, the court relied on the plaintiff's pre-existing knowledge of the danger presented by the curb in determining that the plaintiff was contributorily negligent. In contrast, Cunningham's familiarity with these types of displays was such that she would have thought there was no danger of getting her foot caught underneath anything. She testified that she was certain that none of the similar displays she had previously seen in the store involved pallets.

In both Tazewell and England, the danger presented by the hazards would have been easily discerned had the plaintiffs been looking where they were going. In each case, the plaintiff clearly would have recognized that the object itself should be avoided. In Cunningham's case, however, it is not so certain she would have recognized the danger presented by the pallet even if she had seen it. Based on her prior experience, she had no reason to think it was possible to catch her foot on anything under the cardboard bin. Nor can it be said, as a matter of law, that the danger of entangling a foot on the underside of a display bin is necessarily open and obvious to a person exercising due care. By the very nature of merchandise displays, customers are encouraged to stand close to the container to allow them to retrieve the goods. Even if a patron was aware that a display bin was supported by a pallet, an ordinary person might not consider it likely she would have her foot caught on the underside of the pallet simply on account of approaching the bin and removing items for sale.

Virginia case law supports such a result. The Supreme Court of Virginia has said that it is not enough that an object be plainly visible to constitute an open and obvious hazard, the plaintiff must also have reason to appreciate the nature of the harm posed by the object. In

6

Crocker v. WTAR Radio Corp., 194 Va. 572, 575 (1953), the Court found that a difference in the height of two floors was not an open and obvious hazard even though there was nothing obstructing the plaintiff's view of the area. The Court stated, "while the situation was 'open' to the plaintiff, in the sense that there was no obstruction between her and the step, it was not necessarily 'obvious' to her." Id. Finding that the facts "support[ed] an inference" that the hazard was not open and obvious, the Court refused to decide the issue as a matter of law. Id.

Likewise, in O'Brien v. Everfast, Inc., 254 Va. 326, 331 (1997), the Supreme Court of Virginia found that the danger created by heavy bolts of fabric leaning against a table was not open and obvious as a matter of law. The plaintiff was injured when a sixty inch bolt of fabric fell from its position resting against a table. Id. at 328. The Court stated that while there was no question the plaintiff could have seen the bolt, there was not sufficient reason for her to believe it would fall and injure her in that manner. Id. at 331. The Court reasoned, "[s]everal heavy bolts of fabric leaning against a table is not so remarkable or patent a danger than an invitee unfamiliar with the nature of the danger posed thereby would naturally seek to avoid it." Id. Similarly, a reasonable person in Cunningham's case, even one who had seen the pallet, might have failed to recognize the nature of the danger posed by an ordinary merchandise display that customers are encouraged to approach. See also Freeman v. Case Corp., 118 F.3d 1011, 1014-15 (4th Cir. 1997) (holding in the context of a products liability case that, under Virginia law, the relevant question is whether the plaintiff recognizes the type of hazard posed by the defect, not simply the defect itself).

### III. Conclusion

At this point in the proceedings, any doubt about whether a reasonable person would have recognized the nature of the harm must be resolved in the plaintiff's favor. The defendant

has failed to overcome the general presumption under Virginia law in favor of having a jury determine whether a hazard is open and obvious. For that reason, the court finds the existence of a genuine issue of material fact and will deny the defendant's motion for summary judgment. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 27th day of September, 2012.

*/s/ Glen Conrad*
Chief United States District Judge

8

Case 3:12-cv-00002-GEC-BWC   Document 23   Filed 09/27/12   Page 8 of 8   Pageid#: 151